UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN DISPOSAL, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13 CV 2255 RWS |
| | ) | |
| WCA WASTE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff's motion to remand and Defendant's motion to dismiss. For the reasons stated below, I will deny both motions.

**Background**

On November 6, 2013, Plaintiff Christian Disposal, L.L.C. ("CDC") filed this action against Defendant WCA Waste Corporation ("WCA") in the Circuit Court of the City of St. Louis, Missouri. CDC's complaint alleges that WCA breached their contract. CDC requests monetary damages, injunctive relief, and a declaratory judgment.

This dispute arises out of WCA's unconsummated acquisition of CDC. Both parties are in the waste management industry. Plaintiff is a Missouri corporation with its principal place of business in Missouri. Defendant is a Delaware corporation with its principal place of business in Texas.

When WCA was contemplating acquiring CDC in July 2013, the parties entered into a "Confidentiality & Non-Disclosure Agreement" ("Agreement") whereby CDC agreed to provide certain confidential information to WCA for use in its due diligence related to the potential transaction. The Agreement contained the following non-solicitation clause:

1

> Buyer agrees that it will not, for two years following the Effective Date: (i) solicit or employ any of the drivers or employees of Seller; or (ii) solicit, contact or provide services to any person or municipality currently doing business with Seller.

[Doc. #1-1, p. 49]. CDC now alleges that WCA breached this non-solicitation clause by soliciting the City of Elsberry, Missouri, one of CDC's existing customers.

On November 11, 2013, WCA removed this action to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. On November 22, 2013, CDC moved to remand this action to the state court from which it was removed. On December 6, 2013, WCA moved to dismiss a portion of Count I and the entirety of Count II of CDC's complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

**Motion to Remand**

WCA removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship between the plaintiff and defendants must exist, and the amount in controversy must exceed $75,000, exclusive of interest and costs. Here, the complete diversity requirement is met, but CDC seeks to remand the case arguing that the amount in controversy is less than $75,000. CDC now claims that the amount in controversy is the value of its lost profit on its contract with the City of Elsberry, which is $73,890, or $1,110 short of the $75,000 threshold. [Doc. #8-1].

The party opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id. The party opposing remand must prove, by a preponderance of the evidence, that a fact finder could conclude from the pleadings and proof presented to the Court that the damages plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).

WCA correctly argues that because CDC seeks injunctive relief in addition to $73,890 in monetary damages, the value of such relief to CDC must be considered in calculating the amount in controversy. Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."). Here, CDC's complaint alleges that it will face ongoing irreparable harm absent injunctive relief, including harm to its reputation and goodwill. Quantifying the value of injunctive relief is seldom an exact science, but after considering the totality of CDC's pleadings, I am convinced that the value of the rights CDC seeks to enforce are worth at least $1,111, which would place the amount of controversy above $75,000. Because this case meets the minimum amount in controversy threshold, CDC's motion to remand will be denied.

**Motion to Dismiss**

WCA argues that a portion of Count I and the entirety of Count II of CDC's complaint must be dismissed for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). When ruling upon a motion to dismiss under Rule 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v.

3

Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008).

### A. Federal Law

WCA argues that the non-solicitation clause at issue is unenforceable and therefore a dismissal for failure to state a claim is proper. Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. While § 1 could be interpreted to proscribe all contracts, the Supreme Court has never "taken a literal approach to [its] language," Texaco Inc. v. Dagher, 547 U.S. 1, 5 (2006). Rather, the Supreme Court has repeatedly cautioned that § 1 "outlaw[s] only unreasonable restraints." State Oil Co. v. Khan, 522 U.S. 3, 10 (1997).

When determining whether conduct restrains trade in violation of § 1, courts employ two distinct tests: the per se violation test and the rule of reason test. Courts presumptively apply the rule of reason test. See Texaco, 547 U.S. at 5. However, "[c]ertain agreements, such as horizontal price fixing and market allocation, are thought so inherently anticompetitive that each is illegal per se without inquiry into what harm it has actually caused." Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 768 (1984). But result to per se rules is confined to restraints that are "manifestly anticompetitive." Continental T. V., Inc. v. GTE Sylvania Inc., 433 U.S. 36, 50 (1977). Accordingly, the per se rule is appropriate only after courts have had considerable experience with the type of restraint at issue, and only if courts can predict with

4

confidence that it would be invalidated in almost all instances under the rule of reason. Leegin Creative Leather Products, Inc. v. PSKS, Inc., 551 U.S. 877, 88-87 (2007).

WCA's motion to dismiss is premised on the contention that the non-solicitation clause represents a division of customers between competitors at the horizontal level and is therefore a per se violation of the Sherman Act. See United States v. Topco Assoc. Inc., 405 U.S. 596, 608 (1972) ("[h]orizontal territorial limitations ... are naked restraints of trade with no purpose except stifling of competition"); United States v. Cooperative Theatres of Ohio, Inc., 845 F.2d 1367, 1372 (6th Cir. 1988) (holding that a horizontal agreement between two competitors to refrain from soliciting each other's customers was a naked restraint subject to the per se rule of illegality). Although CDC fails to directly address the issue of whether the pro se rule or rule of reason should apply, CDC argues that the non-solicitation clause is a necessary ancillary to its agreement to provide confidential information to WCA for use in its due diligence related to the potential acquisition.

The ancillary restraint doctrine governs the validity of restraints that are subordinate and collateral to another legitimate transaction and necessary to make that transaction effective. Texaco, 547 U.S. at 5. Under the doctrine, courts must determine whether the restriction is a naked restraint on trade, and thus pro se invalid, or one that is ancillary to the legitimate and competitive purposes of the business transaction. Id. "[T]he effect of a finding of ancillarity is to remove the per se label from restraints otherwise falling within that category." Los Angeles Memorial Coliseum Comm'n v Nat'l Football League, 726 F.2d 1381, 1395 (9th Cir. 1984) (quotation omitted).

Based on a review of the facts as alleged by CDC, it appears the non-solicitation clause is ancillary to the Agreement. CDC contends that the purpose of the Agreement was not to divide

customers, but to facilitate the delivery of confidential information during discussions regarding WCA's potential acquisition of CDC. Accordingly, I must evaluate the non-solicitation clause under the rule of reason. "Under this rule, the factfinder weighs all of the circumstances of a case in deciding whether a restrictive practice should be prohibited as imposing an unreasonable restraint on competition." Continental, 433 U.S. at 49. Appropriate factors to take into account include "specific information about the relevant business" and "the restraint's history, nature, and effect." Khan, 522 U.S. at 10.

Given the fact-specific nature of determining whether the Agreement violates the Sherman Act, it would not be appropriate to resolve this issue on a motion to dismiss. Parties have not yet had the opportunity to conduct discovery or sufficiently brief the issue. At this time, accepting CDC's allegations as true and viewing them in the light most favorable to CDC, I cannot conclude that there is an insuperable bar to relief.

### B. State Law

WCA also argues that the non-solicitation clause violates Texas's antitrust law, which parties agree is to be applied in assessing CDC's claims. Texas' antitrust statute provides that "[e]very contract, combination, or conspiracy in restraint of trade or commerce is unlawful." Tex. Bus. & Com. § 15.05(a). Yet the Texas Covenant Not to Compete Act ("TCNCA") provides:

> [A] covenant not to compete is enforceable if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitation as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Tex. Bus. & Com. § 15.50. Despite WCA's suggestion to the contrary, the TCNA is not limited to cases involving employment relationships. See, e.g., Bandera Drilling Co., 293 S.W.3d 867 (Tex. App. 2009) (applying the TCNCA to a dispute over a covenant not to compete related to the sale of a business).

Texas law requires courts to consider two questions when determining the enforceability of a covenant not to compete: (1) whether there is an otherwise enforceable agreement and, if so, (2) whether the covenant not to compete is ancillary to or part of that agreement. Light v. Centel Cellular Co. of Tex., 883 S.W.2d 642, 644 (Tex. 1994). Here, no one contests that parties' Agreement constitutes "an otherwise enforceable agreement."

The otherwise enforceable agreement must give rise to an "interest worthy of protection" by the non-solicitation clause. DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 682 (Tex. 1990). A company's confidential information is an interest worthy of protection. Id. (noting that business goodwill, trade secrets, and other confidential or proprietary information are examples legitimate interests). Under the terms of parties' Agreement, CDC provided WCA with confidential and proprietary information in exchange for WCA's promise not to disclose the information. The non-solicitation clause supplements the confidentiality agreement. CDC included the non-solicitation clause to restrain WCA from using the confidential and proprietary information to solicit CDC's existing customers. Accordingly, the non-solicitation clause is ancillary the Agreement. Light v. Centel Cellular Co. of Tex., 883 S.W.2d at 647 n.14. ("[I]f an employer gives an employee confidential and proprietary information or trade secrets in exchange for the employee's promise not to disclose them, and the parties enter into a covenant not to compete, the covenant is ancillary to an otherwise enforceable agreement"); see also Marsh USA Inc. v. Cook, 354 S.W.3d 764, 775 (Tex. 2011) ("Consideration for a noncompete

7

that is reasonably related to an interest worthy of protection, such as trade secrets, confidential information or goodwill, satisfies the statutory nexus.").

After determining that the clause is ancillary to an otherwise enforceable agreement, I am required to determine whether it contains reasonable limitations that do not impose a greater restraint than is necessary to protect business interest of CDC. See Marsh, 354 S.W.3d at 777 ("The hallmark of enforcement is whether or not the covenant is reasonable."). Determining the reasonableness of the clause will depend on the nature of the confidential information, as well as the time, scope, and geographic limitations of the clause itself. Id.

As with analyzing the legality of the non-solicitation clause pursuant to the Sherman Act, it would be premature for me to consider whether the clause violates Texas law at the dismiss stage of litigation. Determining the reasonableness of the non-solicitation clause is a fact-specific inquiry, and parties have not yet had the opportunity to conduct discovery or sufficiently brief the reasonableness issue.

By denying WCA's motion to dismiss, I am not declaring that the non-solicitation clause is enforceable. I merely find that CDC's complaint alleges facts sufficient to state a claim to relief.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand [#8] is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that Defendant's motion to dismiss [#15] is **DENIED.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2014.